## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CITIZENS' RIGHTS COMMITTEE;
BRENDA McKENZIE d/b/a VARIETY
LIQUOR STORE; BILLY RAY d/b/a BILLY
RAY'S; and NEAL RAY,

        No. 04-CIV-981 MV/WDS

    Plaintiffs,

vs.

CITY OF ROSWELL, a municipality, BILL
OWEN, Mayor, JOHN CAPPS, City Manager,
and JOHN BALDERSTON, Chief of Police,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Standing, filed November 19, 2004, **[Doc. No. 7]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### BACKGROUND

Plaintiff Citizens' Rights Committee ("CRC"), identified as "an unincorporated association comprised of owners, operators, employees, and patrons of public places in Roswell, New Mexico," and three individual plaintiffs, who are owners or operators of restaurants or bars in Roswell, filed a complaint to enjoin enforcement of the City of Roswell's Smokefree Air Act of 2004, Ordinance No. 04-09 ("Ordinance"). Defendants filed the instant motion to dismiss asserting that Plaintiffs lack standing to challenge the Ordinance.

### LEGAL STANDARD

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief.  *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989).  In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff.  *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## DISCUSSION

In support of their motion, Defendants filed a twenty-two page brief providing a detailed analysis of the relevant case law supporting their position that the allegations in Plaintiffs' Amended Complaint are insufficient to establish that Plaintiffs have standing to challenge the Ordinance.  In response, Plaintiffs filed a three-paragraph brief stating that "there is nothing wrong with the status

of this case as it exists" and, if there is, they are "at a loss to know who else should be joined or what other allegations should be made."[1]

Plaintiffs' response is wholly deficient. First, Plaintiffs' response was not filed within the fourteen days provided by Local Rule 7.6(a). D.N.M.LR-Civ. 7.6(a). Failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b). Second, Plaintiffs' response cites no legal authority. Local Rule 7.5(a) requires that a response "cite authority in support of the legal positions advanced." D.N.M.LR-Civ. 7.5(a). Plaintiffs' cursory response, which does not address any of Defendants' specific arguments and cites no legal authority, is, in effect, no response at all. Under these circumstances, the Court will consider Plaintiffs' untimely and inadequate response as constituting consent to grant Defendants' motion pursuant to Local Rule 7.1(b).

Furthermore, the Court has reviewed Defendants' motion and finds that Defendants' arguments regarding the sufficiency of Plaintiffs' allegations generally are well-taken. If Plaintiffs choose to file another action, they would be well-advised to consider the pleading deficiencies noted in Defendants' motion.

---

[1] Remarkably, while Plaintiffs decline to defend the sufficiency of their allegations, they request the opportunity to file yet another amended complaint to correct any deficiencies identified by the Court. Plaintiffs, however, must plead and prove their own case. The Court cannot do Plaintiffs' work. *See, e.g., Adler v. Wal-Mar Stores, Inc*., 144 F.3d 664, 672 (10th Cir. 1998) (the court is not an advocate and may not "make a party's case for it").

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Standing, filed November 19, 2004, **[Doc. No. 7]** is **GRANTED**.

Plaintiffs' Amended Complaint is hereby dismissed without prejudice.

Dated this th day of March, 2005.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
Michael L. Stout
Doug Perrin

Attorneys for Defendants:
Andrew G. Schultz
Charles K. Purcell
Bryan J. Davis