IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITIZENS' RIGHTS COMMITTEE;
BRENDA McKENZIE d/b/a VARIETY
LIQUOR STORE; BILLY RAY d/b/a BILLY
RAY'S; and NEAL RAY,

                 No. 04-CIV-981 MV/WDS

   Plaintiffs,

vs.

CITY OF ROSWELL, a municipality, BILL
OWEN, Mayor, JOHN CAPPS, City
Manager, and JOHN BALDERSTON, Chief
of Police,

   Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Reconsideration, filed March 31, 2005, **[Doc. No. 15]**.[1] The Court, having considered the motion, response, relevant law, and being otherwise fully informed, finds that Plaintiffs' motion will be **DENIED**.

## BACKGROUND

Plaintiff Citizens' Rights Committee ("CRC"), identified as "an unincorporated association comprised of owners, operators, employees, and patrons of public places in Roswell, New Mexico," and three individual plaintiffs, who are owners or operators of restaurants or bars in Roswell, filed a complaint to enjoin enforcement of the City of Roswell's Smokefree Air Act of 2004, Ordinance No. 04-09 ("Ordinance"). Defendants filed a motion to dismiss asserting that

---

[1] Decision on this motion was delayed because Plaintiffs did not file a notice of completion of briefing until November 17, 2005. *See* D.N.M. LR-Civ. 7.3(b).

Plaintiffs lacked standing to challenge the Ordinance. In support of their motion, Defendants filed a twenty-two page brief providing a detailed analysis of the relevant case law supporting their position that the allegations in Plaintiffs' Amended Complaint were insufficient to establish that Plaintiffs had standing to challenge the Ordinance. In response, Plaintiffs filed an untimely three-paragraph brief stating that "there is nothing wrong with the status of this case as it exists" and, if there is, they are "at a loss to know who else should be joined or what other allegations should be made." Plaintiffs' response cited no legal authority and did not address any of Defendants' specific arguments. On March 22, 2005, the Court, finding that Plaintiffs' untimely and inadequate response constituted consent to grant Defendants' motion pursuant to Local Rule 7.1(b) and that Defendants' arguments regarding the sufficiency of Plaintiffs' allegations were generally well-taken, dismissed Plaintiffs' Amended Complaint without prejudice. Plaintiffs filed the instant motion for reconsideration.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. When the Court has misapprehended the facts or misapplied the law, however, a party may seek relief pursuant to Fed. R. Civ. P. 59. The decision whether to grant or deny a motion under Rule 59 is committed to the court's discretion. *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A court may grant reconsideration under Rule 59 to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Absent extraordinary circumstances, a motion to reconsider may

not be used "to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id*.; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

## ANALYSIS

In their motion for reconsideration, Plaintiffs state that their short response to Defendants' motion to dismiss "was intended in part to demonstrate to the Court the distinction between the positions of Plaintiffs and Defendants and the fact that, in [Plaintiffs'] counsel's opinion, the lengthy Motion and Brief filed by the Defendants did not require a lengthy response because most of the Motion was unnecessary." Plaintiffs then proceed to respond to the arguments made in Defendant's motion to dismiss.

Plaintiffs' motion provides no grounds for the Court to reconsider its previous Order. The arguments made by Plaintiffs could have been made in their response to Defendants' motion to dismiss. Plaintiffs chose not to make these arguments in their response and may not now advance these arguments in a motion for reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012 (absent extraordinary circumstances, a motion to reconsider may not be used to revisit issues already addressed or advance argument that could have been raised in prior briefing).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration, filed March 31, 2005, **[Doc. No. 15]** is **DENIED**.

Dated this 24th day of March, 2006.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

<u>Attorneys for Plaintiffs</u>:
Michael L. Stout
Doug Perrin

<u>Attorneys for Defendants</u>:
Andrew G. Schultz
Charles K. Purcell
Bryan J. Davis